UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP GIAMANCO, a Michigan citizen,

        Plaintiff,

        v.

BASF CORPORATION, a foreign profit
corporation,

        Defendant.

Case No. 2:24-cv-12729
Hon. Terrence G. Berg

_____/

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Philip Giamanco, by and through his attorney Joel B. Sklar, files this age discrimination diversity action against BASF CORPORATION, a foreign profit corporation, organized under the laws of the State of Delaware, headquartered in Ludwigshafen, Germany, which is duly registered and authorized to conduct business in the State of Michigan, and says:

1. Plaintiff Philip Giamanco is a 64-year-old man who worked for Defendant BASF's Southfield, Michigan location for over 38-years, mostly under the title "Maintenance Technician Senior." Defendant BASF is a multinational corporation headquartered in Ludwigshafen, Germany. BASF is the largest chemical producer in the world. Over his almost four decades of employment with BASF Plaintiff acquired unparalleled knowledge, expertise, skill and experience in every facet of maintenance and environmental safety at BASF. Sometime in 2022,

Plaintiff's supervisors retired and were replaced by substantially younger employees, including Plaintiff's new supervisor, 42-year-old Grant Pierce.  Plaintiff was the most senior employee at BASF and substantially older than his co-employees and supervisors. With BASF's knowledge and authority, Pierce instructed Plaintiff to train a 23-year-old male contract hire and a 30-year-old female contract hire on the maintenance and administration duties of his job. Plaintiff trained the two substantially younger employees, as ordered. Plaintiff also trained the new Maintenance Supervisor, David Smigelski, who was also substantially younger than Plaintiff. On April 22, 2024, supervisor Grant Pierce, 42, told Plaintiff that BASF had "no more use for you," replaced Plaintiff with the younger employees he trained, and gave Plaintiff 60-days' notice of his termination. On April 29, 2024, BASF posted a job opening for "Maintenance Technician – Mechanical"—which described many of Plaintiff's duties as "Maintenance Technician-Senior." Plaintiff has applied for other positions with Defendant for which he is qualified but has not received any job offer from Defendant. Plaintiff was discharged and not rehired because of his age in violation of Michigan's Elliott Civil Rights Act, being MCLA §37.2202 and the Age Discrimination in Employment Act (ADEA), being 29 USC § 621*, et seq.*

2.      Plaintiff Philip Giamanco is a citizen of the State of Michigan, resides and/or transacts business within the Judicial District.

3.      Defendant BASF CORPORATION is a foreign profit corporation, organized under the laws of the State of Delaware, duly registered and authorized to conduct business in the State of Michigan and does business in this Judicial District.

4.      This Court has subject matter jurisdiction over this civil diversity action pursuant to *28 USC §1332* as the amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs and is between citizens of different States.

5.      Venue is proper in this Court, pursuant to *28 USC §1391* as all the events, transactions and occurrences which give rise to this action all took place in this Judicial District.

## **COMMON FACTUAL ALLEGATIONS**

6.      Plaintiff realleges paragraphs 1 through 5.

7.      Plaintiff is a 64-year-old White male.

8.      Defendant BASF (BASF) is a foreign conglomerate and the world's largest producer of chemicals with over 111,000 employees worldwide.

9.      Defendant BASF operates chemical plants and facilities in Michigan, including one located in Southfield.

10.     Plaintiff was hired by Defendant BASF on or about December 8, 1986, to work in the maintenance department at their Southfield facility.

11.     Plaintiff worked for Defendant BASF for 38 years.

12. Plaintiff was a valued and trusted employee throughout his employment with Defendant BASF.

13. Plaintiff worked under the title "Maintenance Technician Senior" for the bulk of his 38-year career at BASF.

14. Plaintiff's job duties and responsibilities covered virtually every aspect of maintenance and environmental safety.

15. Plaintiff's supervisor, Maintenance Supervisor Michael Ashburn (age 67), retired sometime in 2022.

16. Plaintiff assumed and performed the job duties and responsibilities of the retired Maintenance Supervisor Michael Ashburn and performed them in an exemplary manner.

17. Plaintiff was responsible for, among other things, general maintenance, administration, scheduling for all contractors, generation and implementation of System Application and Products (SAP) for ordering all maintenance supplies, given a corporate credit card with a monthly purchasing limit of $50,000.00, created functional locations, preventive maintenance, predictive maintenance, tracking and confirming that all 4000 PM's a year were being completed, etc.

18. BASF hired persons substantially younger employees to replace older managers, supervisors and co-employees of Plaintiff who retired or went elsewhere.

4

19. BASF hired 42-year-old Grant Pierce ("Pierce") as the Site Engineer/Maintenance Manager and became Plaintiff's new supervisor.

20. Beginning in January 2024, Pierce directed Plaintiff to train 23-year-old male contract employee Tarique on the maintenance/environmental safety aspect of his job and to train 30-year-old female Allison on Plaintiff's administrative responsibilities.

21. Plaintiff was also asked to train David Smigelski who is somewhere in his 40's.

22. Plaintiff did as Pierce ordered and trained the three substantially younger employees.

23. On April 22, 2024, Pierce told Plaintiff that the 23-year-old was taking over Plaintiff's maintenance duties and the 30-year-old was taking over Plaintiff's administrative responsibilities.

24. Plaintiff also learned that the substantially younger man that he trained, David Smigelski, was hired as the new Maintenance Supervisor.

25. Plaintiff was more able, experienced and qualified than the 23-year-old male employee, the 30-year-old female employee and the 40-something Smigelski but was never offered or considered for these positions or any other at BASF.

5

26.     When he was terminated, Pierce told Plaintiff that BASF had "nor more use [for Him]" despite the fact that BASF had posted for jobs for which Plaintiff was qualified

27.     Plaintiff was blindsided.

28.     On April 29, 2024, Defendant BASF posted an opening for Plaintiff's maintenance position from which he had been terminated just days before.

29.     On July 7, 2024, Plaintiff filed a "Charge of Discrimination" which is pending before the EEOC.

30.     Plaintiff has since applied for jobs with Defendant BASF for which he was qualified, considered and rejected.

31.     On February 3, 2026, the EEOC issued Plaintiff his "Notice of Right to Sue. (Issued on Request)" which the parties have received.

## COUNT I

### AGE DISCRIMINATION IN VIOLATION OF THE
### ELLIOTT LARSEN CIVIL RIGHTS ACT

32.     Plaintiff realleges paragraphs 1 through 31 word-for-word and paragraph by paragraph.

33.     The Elliott Larsen Civil Rights Act (ELCRA) being *MCL §37.2201, et seq.* prohibits discrimination based on age.

34.     Defendant BASF is an "Employer" as defined under the ELCRA.

35.     Plaintiff is an "Employee" as defined under the ELCRA.

6

36.     Plaintiff was more qualified, experienced and knowledgeable than the substantially younger employees who replaced him or were hired instead of Plaintiff for jobs for which he applied, was considered and rejected by BASF.

37.     Defendant BASF discriminated against Plaintiff because of his age when they terminated his 38-years of employment and replaced him with a 23-year-old man, a 30-year-old woman and a man in his 40's, all of whom were substantially younger, less experienced and less qualified than Plaintiff who is 64.

38.     Defendant BASF had Plaintiff train the substantially younger persons knowing that the substantially these substantially younger persons would replace Plaintiff.

39.     Defendant BASF also discriminated against Plaintiff when they failed to hire Plaintiff for jobs he applied for after his wrongful termination.

40.     Plaintiff was qualified for the positions applied for, considered and rejected by BASF in favor of substantially younger persons not as qualified or experienced as Plaintiff.

41.     Defendant BASF was predisposed to discriminate against older job applicants and workers and did so with Plaintiff in this case.

42.     Defendant BASF fired Plaintiff because of his age in violation of MCL 37.2202(a)(1).

7

43.     Defendant BASF failed to hire Plaintiff for jobs he applied for because of his age in violation of MCL 37.2202(a)(1).

44.     Defendant BASF's age-discrimination as described herein was deliberate and intentional.

45.     As the direct and proximate result of Defendant's violation of Plaintiff Philip Giamanco's statutorily protected civil rights, Plaintiff suffered economic loss, wage loss, loss of benefits, back-pay, front-pay, loss of economic opportunity, etc., non-economic loss in the form of pain, suffering, humiliation, shame, embarrassment, mortification, anger, depression, confusion, etc.

**ACCORDINGLY,** Plaintiff asks this court to enter Judgment in Plaintiff Philip Giamanco's favor against Defendant BASF, in excess of this Court's jurisdictional limit, and all other relief to which he may be entitled, including punitive damages, costs, attorney fees and whatever other relief this Court deems proper, including equitable relief, reinstatement and the like.

## COUNT II

### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

46.     Plaintiff realleges each paragraph as 1-45 word for word and paragraph for paragraph.

47.     The *Age Discrimination in Employment Act (ADEA)* forbids age discrimination against people who are 40 or older. See, *29 U.S.C. §621, et. seq.*

48.     At time of discharge, Plaintiff well over 40 years of age and an *"Employee"* covered under the ADEA.

49.     Defendant BASF is an *"Employer"* covered under the ADEA.

50.     Plaintiff was qualified, more experienced and knowledgeable than the 23-year-old male employee (Maintenance Technician), the 30-year-old female employee, and the 40-something Smigelski (Maintenance Supervisor) but was never retained, offered or considered for these positions or any other at BASF because of his age.

51.     Plaintiff was further qualified for the job he applied for, was considered and rejected by BASF because of his age.

52.     Plaintiff suffered an adverse employment action when he was terminated and replaced by a person outside his protected classand/ or treated differently than similarly situated employees.

53.     Defendant BASF's age-discrimination as described herein was deliberate and intentional.

54.     As the direct and proximate result of Defendant's violation of Plaintiff Philip Giamanco's statutorily protected civil rights, Plaintiff suffered economic loss, wage loss, loss of benefits, back-pay, front-pay, loss of economic opportunity, etc., non-economic loss in the form of pain, suffering, humiliation, shame, embarrassment, mortification, anger, depression, confusion, etc.

9

**ACCORDINGLY,** Plaintiff asks this court to enter Judgment in Plaintiff Philip Giamanco's favor against Defendant BASF, in excess of this Court's jurisdictional limit, and all other relief to which he may be entitled, including punitive damages, costs, attorney fees and whatever other relief

Respectfully submitted,

*/s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
Attorney for Plaintiff
Date:  February 25, 2026        joel@joelbsklarlaw.com

## **JURY DEMAND**

Plaintiff relies on his previously filed jury trial of this cause of action.

Respectfully submitted,

*/s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
Attorney for Plaintiff
Date:  February 25, 2026        joel@joelbsklarlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2026, I electronically filed the foregoing paper using the Court's ECF system, which will send notification of such filing to all counsel of record

s/ Joel B. Sklar
Joel B. Sklar (P38338)
Attorney for Plaintiff

11