UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

PHILIP GIAMANCO, a Michigan
citizen,

      Plaintiff,

v

BASF CORPORATION, a foreign
profit corporation,

      Defendant.

Case No. 2:24-cv-12729

Hon. Terrence G. Berg

Mag. Judge Kimberly G. Altman

| | |
|---|---|
| LAW OFFICE OF JOEL B. SKLAR | OGLETREE, DEAKINS, NASH, |
| JOEL B. SKLAR (P38338) | SMOAK & STEWART, PLLC |
| *Attorney for Plaintiff* | JOSHUA P. LUSHNAT (P75319) |
| 500 Griswold, Suite 2450 | *Attorneys for Defendant* |
| Detroit, MI  48226 | 34977 Woodward Avenue, Suite 300 |
| 313-963-4529/313-963-9210 (fax) | Birmingham, MI 48009 |
| joel@joelbsklarlaw.com | 248-593-6400/248.283.2925 (fax) |
| | joshua.lushnat@ogletree.com |

**DEFENDANT'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

Defendant, BASF Corporation ("BASF"), by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, states, for its Answer to Plaintiff's First Amended Complaint and Jury Demand, as follows:

1.     Plaintiff Philip Giamanco is a 64-year-old man who worked for Defendant BASF's Southfield, Michigan location for over 38-years, mostly under

the title "Maintenance Technician Senior." Defendant BASF is a multinational corporation headquartered in Ludwigshafen, Germany. BASF is the largest chemical producer in the world. Over his almost four decades of employment with BASF Plaintiff acquired unparalleled knowledge, expertise, skill and experience in every facet of maintenance and environmental safety at BASF. Sometime in 2022, Plaintiff's supervisors retired and were replaced by substantially younger employees, including Plaintiff's new supervisor, 42-year-old Grant Pierce. Plaintiff was the most senior employee at BASF and substantially older than his co-employees and supervisors. With BASF's knowledge and authority, Pierce instructed Plaintiff to train a 23-year-old male contract hire and a 30-year-old female contract hire on the maintenance and administration duties of his job. Plaintiff trained the two substantially younger employees, as ordered. Plaintiff also trained the new Maintenance Supervisor, David Smigelski, who was also substantially younger than Plaintiff. On April 22, 2024, supervisor Grant Pierce, 42, told Plaintiff that BASF had "no more use for you," replaced Plaintiff with the younger employees he trained, and gave Plaintiff 60-days' notice of his termination. On April 29, 2024, BASF posted a job opening for "Maintenance Technician – Mechanical"—which described many of Plaintiff's duties as "Maintenance Technician-Senior." Plaintiff has applied for other positions with Defendant for which he is qualified but has not received any job offer from Defendant. Plaintiff was discharged and not rehired

2

because of his age in violation of Michigan's Elliott Civil Rights Act, being MCLA §37.2202 and the Age Discrimination in Employment Act (ADEA), being 29 USC § 621, *et seq.*

**ANSWER: Because Plaintiff's Paragraph 1 violates Fed. R. Civ. P. 8(d)'s requirement to be "simple, concise, and direct," Defendant denies as untrue the allegations stated in Paragraph 1.**

2.      Plaintiff Philip Giamanco is a citizen of the State of Michigan, resides and/or transacts business within the Judicial District.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 2.**

3.      Defendant BASF CORPORATION is a foreign profit corporation, organized under the laws of the State of Delaware, duly registered and authorized to conduct business in the State of Michigan and does business in this Judicial District.

**ANSWER: For purposes of this lawsuit, Defendant admits the allegations stated in Paragraph 3.**

4.      This Court has subject matter jurisdiction over this civil diversity action pursuant to *28 USC §1332* as the amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs and is between citizens of different States.

**ANSWER: Defendant admits that this Court has subject matter over the instant dispute and admits only that Plaintiff seeks in excess of $75,000. Defendant denies as untrue that Plaintiff is entitled to any such amount (or any damages) for the claims alleged.**

5.      Venue is proper in this Court, pursuant to *28 USC §1391* as all the events, transactions and occurrences which give rise to this action all took place in this Judicial District.

**ANSWER: Defendant admits only that the allegations made by Plaintiff purportedly occurred in this Judicial District, but denies as untrue that the allegations made by Plaintiff occurred as Plaintiff characterizes the same.**

<u>COMMON FACTUAL ALLEGATIONS</u>

6.      Plaintiff realleges paragraphs 1 through 5.

**ANSWER: Defendant incorporates and re-alleges all preceding paragraphs as if fully restated and set forth herein.**

7.      Plaintiff is a 64-year old White male.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 7.**

8.      Defendant BASF (BASF) is a foreign conglomerate and the world's largest producer of chemicals with over 111,000 employees worldwide.

4

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 8.**

9. Defendant BASF operates chemical plants and facilities in Michigan, including one located in Southfield.

**ANSWER: Defendant admits the allegations stated in Paragraph 9.**

10. Plaintiff was hired by Defendant BASF on or about December 8, 1986, to work in the maintenance department at their Southfield facility.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 10.**

11. Plaintiff worked for Defendant BASF for 38 years.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 11.**

12. Plaintiff was a valued and trusted employee throughout his employment with Defendant BASF.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 12.**

13. Plaintiff worked under the title "Maintenance Technician Senior" for the bulk of his 38-year career at BASF.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 13.**

14.     Plaintiff's job duties and responsibilities covered virtually every aspect of maintenance and environmental safety.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 14.**

15.     Plaintiff's supervisor Maintenance Supervisor Michael Ashburn (age 67), retired sometime in 2022.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 15.**

16.     Plaintiff assumed and performed the job duties and responsibilities of the retired Maintenance Supervisor Michael Ashburn and performed them in an exemplary manner.

**ANSWER:   Defendant denies as untrue the allegations stated in Paragraph 16.**

17.     Plaintiff was responsible for, among other things, general maintenance, administration, scheduling for all contractors, generation and implementation of System Application and Products (SAP) for ordering all maintenance supplies, given a corporate credit card with a monthly purchasing limit of $50,000.00, created functional locations, preventive maintenance, predictive maintenance, tracking and confirming that all 4000 PM's a year were being completed, etc.

**ANSWER: Defendant denies as untrue that Plaintiff was responsible for the entirety of the listed duties in Paragraph 17.**

18. BASF hired persons substantially younger employees [sic] to replace older managers, supervisors and co-employees of Plaintiff who retired or went elsewhere.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 18.**

19. BASF hired 42-year-old Grant Pierce ("Pierce") as the Site Engineer/Maintenance Manager and became Plaintiff's new supervisor.

**ANSWER: Defendant admits the allegations stated in Paragraph 19.**

20. Beginning in January 2024, Pierce directed Plaintiff to train 23-year-old male contract employee Tarique on the maintenance/environmental safety aspect of his job and to train 30-year-old female Allison on Plaintiff's administrative responsibilities.

**ANSWER: Defendant admits only that Tarique and Allison were hired by BASF into positions which performed some of the tasks Plaintiff had absorbed over the years. These employees did not perform, and were not trained to perform, all of the maintenance/environmental safety responsibilities or administrative responsibilities belonging to Plaintiff.**

21. Plaintiff was also asked to train David Smigelski who is somewhere

in his 40's.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 21.**

22. Plaintiff did as Pierce ordered and trained the three substantially younger employees.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 22.**

23. On April 22, 2024, Pierce told Plaintiff that the 23-year-old was taking over Plaintiff's maintenance duties and the 30-year-old was taking over Plaintiff's administrative responsibilities.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 23.**

24. Plaintiff also learned that the substantially younger man that he trained, David Smigelski, was hired as the new Maintenance Supervisor.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 24.**

25. Plaintiff was more able, experienced and qualified than the 23-year-old male employee, the 30-year-old female employee and the 40-something Smigelski but was never offered or considered for these positions or any other at BASF.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 25.**

26. When he was terminated, Pierce told Plaintiff that BASF had "nor [sic] more use [for Him]" despite the fact that BASF had posted for jobs for which Plaintiff was qualified

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 26.**

27. Plaintiff was blindsided.

**ANSWER: Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations stated in Paragraph 27.**

28. On April 29, 2024, Defendant BASF posted an opening for Plaintiff's maintenance position from which he had been terminated just days before.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 28.**

29. On July 7, 2024, Plaintiff filed a "Charge of Discrimination" which is pending before the EEOC.

**ANSWER: Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC, but denies as untrue that it is currently pending.**

30. Plaintiff has since applied for jobs with Defendant BASF for which

he was qualified, considered and rejected.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 30.**

31.     On February 3, 2026, the EEOC issued Plaintiff his "Notice of Right to Sue (Issued on Request)" which the parties have received.

**ANSWER: Defendant admits the allegations contained in Paragraph 31.**

## COUNT I

### AGE DISCRIMINATION IN VIOLATION OF THE ELLIOTT LARSEN CIVIL RIGHTS ACT

32.     Plaintiff realleges paragraphs 1 through 31 word for word and paragraph by paragraph.

**ANSWER:     Defendant incorporates and re-alleges all preceding paragraphs as if fully restated and set forth herein.**

33.     The Elliott Larsen Civil Rights Act (ELCRA) being *MCL §37.2201, et seq.* prohibits discrimination based on age.

**ANSWER:  Defendant admits only that, under certain circumstances, the identified law prohibits age discrimination.  Defendant denies as untrue any other allegations or implications made in Paragraph 33.**

34.     Defendant BASF is an "Employer" as defined under the ELCRA.

10

**ANSWER: Given that this is a legal conclusion, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 34.**

35.    Plaintiff is an "Employee" as defined under the ELCRA.

**ANSWER: Given that this is a legal conclusion, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 35.**

36.    Plaintiff was more qualified, experienced and knowledgeable than the substantially younger employees who replaced him or were hired instead of Plaintiff for jobs for which he applied, was considered and rejected by BASF.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 36.**

37.    Defendant BASF discriminated against Plaintiff because of his age when they terminated his 38-years of employment and replaced him with a 23-year-old man, a 30-year-old woman and a man in his 40's, all of whom were substantially younger, less experienced and less qualified than Plaintiff who is 64.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 37.**

11

38.     Defendant BASF had Plaintiff train the substantially younger person knowing that the substantially these substantially [sic] younger person would replace Plaintiff.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 38.**

39.     Defendant BASF also discriminated against Plaintiff when they failed to hire Plaintiff for jobs he applied for after his wrongful termination.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 39**.

40.     Plaintiff was qualified for the positions applied for, considered and rejected by BASF in favor of substantially younger person snot as qualified or experienced as Plaintiff.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 40.**

41.     Defendant BASF was predisposed to discriminate against older job applicants and workers and did so with Plaintiff in this case.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 41.**

42.     Defendant BASF fired Plaintiff because of his age in violation of MCL 37.2202(a)(1).

12

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 42.**

43.     Defendant BASF failed to hire Plaintiff for jobs he applied for because of his age in violation of MCL 37.2202(a)(1).

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 43.**

44.     Defendant BASF's age-discrimination as described herein was deliberate and intentional.

**ANSWER: Defendant denies as untrue that it engaged in age-discrimination and denies as untrue the allegations stated in Paragraph 44.**

45.     As the direct and proximate result of Defendant BASF's violation of Plaintiff Philip Giamanco's statutorily protected civil rights, Plaintiff suffered economic loss, wage loss, loss of benefits, back-pay, front-pay, loss of economic opportunity, etc., non-economic loss in the form of pain, suffering, humiliation, shame, embarrassment, mortification, anger, depression, confusion, etc.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 45 and denies as untrue that Plaintiff is due any amount from Defendant or that Defendant is liable for any claim which was or could have been made in Plaintiff's operative Complaint.**

13

## COUNT II

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

46. Plaintiff realleges each paragraph as 1-45 word for word and paragraph for paragraph.

**ANSWER: Defendant incorporates and re-alleges all preceding paragraphs as if fully restated and set forth herein.**

47. The *Age Discrimination in Employment Act (ADEA)* forbids age discrimination against people who are 40 or older. See, *29 U.S.C. §621, et. seq.*

**ANSWER:  Defendant admits only that, under certain circumstances, the identified law prohibits age discrimination.  Defendant denies as untrue any other allegations or implications made in Paragraph 47.**

48. At time of discharge, Plaintiff well over 40 years of age and an *"Employee"* covered under the ADEA.

**ANSWER: Given that this is a legal conclusion, Defendant lacks knowledge or information sufficient to form a belief about the trust of the allegations stated in Paragraph 48.**

49. Defendant BASF is an *"Employer"* covered under the ADEA.

**ANSWER: Given that this is a legal conclusion, Defendant lacks knowledge or information sufficient to form a belief about the trust of the**

14

**allegations stated in Paragraph 49.**

50.     Plaintiff was qualified, more experienced and knowledgeable than the 23-year-old male employee (Maintenance Technician), the 30-year-old female employee, and the 40-something Smigelski (Maintenance Supervisor) but was never retained, offered or considered for these positions or any other at BASF because of his age.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 50.**

51.     Plaintiff was further qualified for the job he applied for, was considered and rejected by BASF because of his age.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 51.**

52.     Plaintiff suffered an adverse employment action when he was terminated and replaced by a person outside his protected class and/or treated differently than similarly situated employees.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 52.**

53.     Defendant BASF's age-discrimination as described herein was deliberate and intentional.

**ANSWER: Defendant denies as untrue that it engaged in age**

**discrimination and denies as untrue the allegations stated in Paragraph 53.**

54.     As the direct and proximate result of Defendant's violation of Plaintiff Philip Giamanco 's statutorily protected civil rights, Plaintiff suffered economic loss, wage loss, loss of benefits, back-pay, front-pay, loss of economic opportunity, etc., non-economic loss in the form of pain, suffering, humiliation, shame, embarrassment, mortification, anger, depression, confusion, etc.

**ANSWER: Defendant denies as untrue the allegations stated in Paragraph 54 and denies as untrue that Plaintiff is due any amount from Defendant or that Defendant is liable for any claim which was or could have been made in Plaintiff's operative Complaint.**

## CONCLUSION

**WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's First Amended Complaint in its entirety with prejudice and award Defendant any further relief it deems just and appropriate.**

Respectfully submitted,

Dated: March 11, 2026

*/s/ Joshua P. Lushnat*
JOSHUA P. LUSHNAT (P75319)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
t: (248) 593-6400/ f: (248) 283-2925
joshua.lushnat@ogletree.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

PHILIP GIAMANCO, a Michigan
citizen,

      Plaintiff,

v

BASF CORPORATION, a foreign
profit corporation,

      Defendant.

Case No. 2:24-cv-12729

Hon. Terrence G. Berg

Mag. Judge Kimberly G. Altman

| | |
|---|---|
| LAW OFFICE OF JOEL B. SKLAR<br>JOEL B. SKLAR (P38338)<br>*Attorney for Plaintiff*<br>500 Griswold, Suite 2450<br>Detroit, MI  48226<br>313-963-4529/313-963-9210 (fax)<br>joel@joelbsklarlaw.com | OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, PLLC<br>JOSHUA P. LUSHNAT (P75319)<br>*Attorneys for Defendant*<br>34977 Woodward Avenue, Suite 300<br>Birmingham, MI 48009<br>248-593-6400/248.283.2925 (fax)<br>joshua.lushnat@ogletree.com |

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED  COMPLAINT

Defendant, BASF Corporation ("BASF"), by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, state the following for its Affirmative and Other Defenses to Plaintiff's First Amended Complaint and Jury Demand.

17

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove.  Defendant further avers that Plaintiff's claims and theories are so vague as to render it impossible to identify every possible affirmative or other defense, and thus Defendant expressly reserves the right to assert additional defenses should the precise nature of Plaintiff's claims or theories become clear.

Notwithstanding the forgoing, Defendant's affirmative and other defenses are:

1.    Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law. Defendant does not waive, and expressly reserves, the right to move for dismissal on these grounds.

2.    Plaintiff's Complaint fails to allege each and every element of the causes of action Plaintiff attempts to assert.

3.    Plaintiff has failed to properly mitigate any alleged damages and/or is otherwise not entitled to damages for periods of time in which he was/is unable to work.

4.    Plaintiff has not suffered any damages, actual or otherwise.

5.    Any injuries suffered by Plaintiff were caused by Plaintiff's own conduct.

6. At all times, Defendant's actions were lawful, justified, and made in good faith.

7. All actions taken by Defendant were based on legitimate business reasons.

8. Defendant had, and continues to have, a good faith, reasonable, and honest belief that their actions were taken for non-discriminatory reasons.

9. If any improper, illegal, or discriminatory act was taken by any employee of Defendant BASF against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant BASF's policies, and was not ratified, confirmed, or approved by Defendant BASF. Thus, any such actions cannot be attributed or imputed to Defendant BASF.

10. Plaintiff's damages claim is barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the type and amounts permitted by law.

11. Defendant also gives notice to Plaintiff that it may also assert, at a later time, the following defenses, if discovery or investigation warrants their application:

    a. Plaintiff's claims are barred by the doctrine of laches, unclean hands, and/or estoppel;

    b. Plaintiff's claims are barred by the doctrine(s) of release, waiver, or accord and satisfaction;

   c. Plaintiff's claims are barred by after acquired evidence, that when discovered would have justified Plaintiff's termination, had Plaintiff still been employed; and

   d. Any other applicable defense.

Defendant reserves the right to amend these affirmative defenses or to assert additional defenses in the course of this litigation, up to and including at trial in this matter, as may be appropriate based on its continuing investigation and discovery or otherwise.

Respectfully submitted,

Dated:  March 11, 2026

/s/ Joshua P. Lushnat
JOSHUA P. LUSHNAT (P75319)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant*
t: (248) 593-6400
joshua.lushnat@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

/s/ Joshua P. Lushnat
JOSHUA P. LUSHNAT (P75319)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant*

20